

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 21, 1958

Honorable L. F. Benson,
Criminal District Attorney,
Galveston County Courthouse,
Galveston, Texas

Opinion No. WW-395.

Re: Does the existence of an
inactive Junior College
District, comprising only
a portion of a county,
preclude the establishment
and operation of a Junior
College District embracing
the entire county under
Article 2815h, Vernon's
Annotated Civil Statutes,
and related questions.

Dear Mr. Benson:

In your letter of March 7, 1958, you request our
opinion on two questions which are substantially as follows:

(1) Does the existence of the inactive
Galveston Junior College District, which is
established within the boundaries of the City
of Galveston and the Galveston Independent
School District (comprising only a portion of
Galveston Island) prevent the establishment and
operation of the Galveston County Junior College
District, which embraces the entire County of
Galveston, as provided by Article 2815h, Vernon's
Annotated Civil Statutes?

(2) If so, what, if any, is the legal
process for dissolving the present Galveston
Junior College District?

You state that the Galveston Junior College District
was established pursuant to an election held on November 2,
1935, but the maintenance tax proposal was defeated in the
election of June 27, 1936. Therefore, such district has never
established or operated a junior college, and we assume that
there has been no other activity conducted by such district.

You further state that on March 3, 1958, the State Board of Education approved the Galveston County Junior College District, which is co-extensive with the boundaries of Galveston County, and which embraces the territory of the inactive Galveston Junior College District.

Article 2815h, Vernon's Annotated Civil Statutes, devolves upon the State Board of Education the duty of determining the need for a junior college in a particular area (Section 1); that such college serves the public convenience and necessity (Section 1a); and the feasibility and desirability of establishing such a college (Section 3; and in numerous other section of such Article).

Since there is now no existing, active, operating, actual junior college conducted by the Galveston Junior College District, in our opinion, the approval by the State Board of Education of the Galveston County Junior College District, which proposes to place into operation an actual operating junior college, was a proper exercise of the discretion of the State Board. The Legislative scheme, revealed in Article 2815h, Vernon's Annotated Civil Statutes, envisions the creation and operation of a junior college which, in fact, supplies a public need by complying with Section 12 of suoh Article:

> "A Junior College as here considered must consist of the Freshman and Sophomore college work taught either separately or in conjunction with the Junior and Senior years of the High school, and the course of study must be submitted and approved by the State Department of Education before it may be offered."

In our opinion, the Legislature did not intend that a present public need go unsatisfied because the electorate then, in the former attempted creation of a junior college in only a portion of the proposed area, was unwilling to levy a tax to meet the need as it may have existed some twenty-three years ago.

We are of the opinion that the controlling question as to propriety of the creation of the Galveston County Junior College District, encompassing the whole of Galveston County, and the actual operation of a Junior College thereby is governed by the present need, as may be found by the State Board of Education, and by compliance with the organizational and operational provisions of applicable statutes. Furthermore, we are unable to find a prohibition against the boundaries of one junior college district as now proposed, overlapping the boundaries of such a district as now exists.

Honorable L. F. Benson, Page 3 (WW-395).


Your first question is answered in the negative.

Attorney General's Opinion No. V-1221 (1951) establishes that, absent specific authority and statutory procedure to effect a dissolution of an existing junior college district, there is no authority or procedure prescribed for, or to effect such dissolution. Article 2815q, authorizing the dissolution of union junior college districts, in the manner provided by Article 2767, Vernon's Annotated Civil Statutes, would not apply to the Galveston Junior College District, as is shown by the above cited Attorney General's Opinion.

Therefore, in answer to your second question, in our opinion, there is no present legal process for dissolving the present Galveston Junior College District.

SUMMARY


The existence of the inactive
Galveston Junior College District,
established within a portion of
Galveston County, would not prevent
the establishment and operation of
the Galveston County Junior College
District embracing the entire county
of Galveston, as provided by Article

Honorable L. F. Benson, Page 4 (WW-395).

> 2815h, Vernon's Annotated Civil Statutes;
> and the existing inactive Galveston
> Junior College District may not be
> abolished under existing law.

> Very truly yours,

> WILL WILSON
> Attorney General of Texas

> By     Tom I. McFarling
>        Assistant

TIM:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Arthur Sandlin
L. P. Lollar
Fred Werkenthin
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert.